In re FLATBUSH AVE. EXTENSION—FOURTH AVE. SUBWAY. (No. 2.)

(Supreme Court, Appellate Division, Second Department. February 5, 1915.)

1. EMINENT DOMAIN (§ 253*)—CONDEMNATION PROCEEDINGS—DECISIONS APPEALABLE.

An order granted by default, condemning the fee of property and appointing commissioners of appraisal, is not appealable.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 660–664; Dec. Dig. § 253.*]

2. EMINENT DOMAIN (§ 242*)—JUDGMENT OF CONDEMNATION—COLLATERAL ATTACK.

Until an order condemning the fee is set aside an answer filed after such order by persons whose property was taken, raising the issue of necessity, cannot be considered.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 626; Dec. Dig. § 242.*]

3. EMINENT DOMAIN (§ 317*)—CONDEMNATION—EFFECT OF.

A judgment of condemnation vests title in the condemnor.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 834–840; Dec. Dig. § 317.*]

Appeal from Special Term, Kings County.

In the matter of the application of the Public Service Commission for the appointment of Commissioners of Appraisal for the condemnation of land for the Flatbush Avenue Extension—Fourth Avenue Subway. From an order condemning the fee, and other orders, defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Robert H. Elder, of New York City (Otho S. Bowling, of New York City, on the brief), for appellants.

Charles J. Nehrbas, of New York City (Terence Farley and Edward J. Kenney, Jr., both of New York City, on the brief), for respondent.

PER CURIAM. [1-3] The appeal from the order of March 16, 1912, condemning the fee of the property in question and appointing

---

commissioners of appraisal, must be dismissed, with $10 costs and disbursements. This order was granted by default, and is not appealable. The order of June 24, 1913, denying appellants' motion that a referee be appointed to try the issue of necessity, must be affirmed, with $10 costs and disbursments. The order of July 16, 1912, permitting the interposition of an answer, was insufficient to allow said question to be tried. A judgment may not be attacked collaterally; and, until the judgment of condemnation was absolutely set aside, no issue could be raised in the proceeding. In addition, the title to the property had already vested in the city of New York; and, if there is any power under such circumstances to divest the city of title, such power was not exercised in this case.

The order of July 8, 1913, confirming the report of the commissioners of appraisal, must be affirmed, with $10 costs and disbursements. The evidence fully sustains the finding of the commissioners, and we do not understand that this fact is disputed.